IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al. | : | NO. 02-4693 |

## ORDER

AND NOW, this 23rd day of September, 2002, upon consideration of plaintiff's "Motion to Vacate Order of August 5, 2002, and to Expedite 42 U.S.C. § 1985(2) Civil Proceedings Due to Plaintiff Being in 'Imminent Danger of Serious Physical Injury' Within the Meaning of 28 U.S.C. § 1915(g) as a Direct Result of Ongoing 'Overt Affirmative Acts' and 42 PA.C.S.A. § 8550 (Crimes, Actual Fraud, Actual Malice and Willfully [sic] Misconduct) Committed by Corrupt SCIH Prison Officials and Their Co-Conspirators Thereto Subjecting Plaintiff to Unlawful Conditions of Prison Confinement in Violation of the 8th Amendment for Filing Instant 'Cause of Action' and the Using SCIH DC-804 Grievance System Thereto, Inter Alia," it appearing that:

a.  On July 15, 2002, plaintiff filed an application to proceed *in forma pauperis*.

b.  By Order of August 5, 2002, plaintiff's motion to proceed *in forma pauperis* was denied without prejudice because he failed to submit a certified copy of his inmate trust fund account statement for the six-month period preceding the receipt of his complaint in this court on July 15, 2002, as required by 28 U.S. C. § 1915(a).

c.  On September 3, 2002, plaintiff filed a "Motion to Vacate Order of August 5, 2002, and to Expedite 42 U.S.C. § 1985(2) Civil Proceedings Due to Plaintiff Being in 'Imminent Danger of Serious Physical Injury' Within the Meaning of 28 U.S.C. § 1915(g) as a Direct Result of Ongoing 'Overt Affirmative Acts' and 42 PA.C.S.A. § 8550 (Crimes, Actual Fraud, Actual Malice and Willfully [sic] Misconduct) Committed by Corrupt SCIH Prison Officials and Their Co-Conspirators Thereto Subjecting Plaintiff to Unlawful Conditions of Prison Confinement in Violation of the 8th Amendment for Filing Instant 'Cause of Action' and the Using SCIH DC-804 Grievance System Thereto, Inter Alia."

d.  On September 4, 2002, plaintiff paid the filing fee of $150.

e.  On September 5, 2002, plaintiff's complaint was filed of record and summonses were issued and forwarded to plaintiff on September 6, 2002.

It is therefore **ORDERED** that:

      1.  Plaintiff's motion to vacate (Paper Nos. 3 and 5)[1] is **DENIED IN PART AS MOOT**, because the filing fee of $150 has been paid.

      2.  The facts alleged by plaintiff do not constitute imminent danger of serious physical harm within the meaning of 28 U.S.C. § 1915(g); the relief sought by plaintiff in this portion of his motion to vacate is **DENIED**.

      3.  Plaintiff's request to expedite civil proceedings is **GRANTED**.  The action under 42 U.S.C. § 1985(2) will be expedited as circumstances permit. Defendants will answer, move or otherwise plead in response to the complaint within twenty (20) days of service.

      4.  Plaintiff's request for an order allowing/permitting plaintiff to retain <u>all</u> of his legal property/materials and law books in his assigned prison cell is **TAKEN UNDER ADVISEMENT** until defendants have been served and filed their responses.

      5.  Plaintiff may be given leave to amend/supplement his complaint to allege claims occurring since he filed his complaint, by filing a motion to amend to which defendants will have an opportunity to respond.

 

                                                   S.J.

---

[1]  A copy of plaintiff's motion to vacate, addressed to Judge Norma L. Shapiro, was filed of record on September 4, 2002 (Paper No. 5).

2