IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMER B. GAY | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| ROBERT D. SHANNON, et al. | : NO. 02-4693 |

# ORDER

      AND NOW, this _____ day of September, 2002, upon consideration of plaintiff's "Motion for Free Photocopying Services," it appearing that:

a. On July 15, 2002, plaintiff filed an application to proceed *in forma pauperis*.

b. By Order of August 5, 2002, plaintiff's motion to proceed *in forma pauperis* was denied without prejudice because he failed to submit a certified copy of his inmate trust fund account statement for the six-month period preceding the receipt of his complaint in this court on July 15, 2002, as required by 28 U.S. C. § 1915(a).

c. On September 3, 2002, plaintiff filed a "Motion to Vacate Order of August 5, 2002, and to Expedite 42 U.S.C. § 1985(2) Civil Proceedings Due to Plaintiff Being in 'Imminent Danger of Serious Physical Injury' Within the Meaning of 28 U.S.C. § 1915(g) as a Direct Result of Ongoing 'Overt Affirmative Acts' and 42 PA.C.S.A. § 8550 (Crimes, Actual Fraud, Actual Malice and Willfully [sic] Misconduct) Committed by Corrupt SCIH Prison Officials and Their Co-Conspirators Thereto Subjecting Plaintiff to Unlawful Conditions of Prison Confinement in Violation of the 8th Amendment for Filing Instant 'Cause of Action' and the Using SCIH DC-804 Grievance System Thereto, Inter Alia."

d. On September 4, 2002, plaintiff filed a "Motion for Free Photocopying Services."

e. On September 4, 2002, plaintiff paid the filing fee of $150.

f. On September 5, 2002, plaintiff's complaint was filed of record and summonses were issued and forwarded to plaintiff on September 6, 2002.

g. By Order of September 19, 2002, the court denied as moot plaintiff's motion to vacate the August 5, 2002 Order because the filing fee of $150 had been paid.

It is therefore **ORDERED** that plaintiff's motion for free photocopying services is **DENIED WITHOUT PREJUDICE**. The court has no funds provided for free photocopying services (*see* 28 U.S.C. § 1915(c)).

      Summonses were issued and forwarded to plaintiff on September 6, 2002. If plaintiff wishes to have the complaint copied and served by the United States Marshal Service, he must be granted leave to proceed *in forma pauperis*. Although plaintiff filed an

application to proceed *ifp* on July 15, 2002, his petition was denied because he failed to submit a certified copy of his inmate trust fund account statement for the six-month period preceding the receipt of his complaint in this court on July 15, 2002, as required by 28 U.S.C. § 1915(a)(2).

Plaintiff may resubmit his application on the form attached to this Order and provide with his resubmitted application a certified copy of his inmate trust fund account statement for the six-month period preceding the receipt of his complaint in this court on July 15, 2002, as required by 28 U.S. C. § 1915(a)(2).  If plaintiff is unable to obtain a statement of his inmate account upon presenting this Order and the *ifp* application to the appropriate prison official, the court will obtain same upon a verified statement from the plaintiff of his inability to do so.

_____
S.J.