```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WILMER B. GAY, pro se                  :   CIVIL ACTION
                                       :
                                       :
     v.                                :
                                       :
                                       :
ROBERT SHANNON, Superintendent of      :
the State Correctional Institution at  :   NO.  02-4693
Mahanoy; VINCENT MOONEY, Captain of the:
State Correctional Institution at      :
Mahanoy; and                           :
MARY CANINO, Examiner of the           :
State Correctional Institution at      :
Graterford                             :
```

**MEMORANDUM AND ORDER**

Norma L. Shapiro, S.J.                                    December 6, 2002

    Plaintiff, Wilmer B. Gay ("Gay"), a *pro se* plaintiff currently incarcerated, brings this action against defendants Shannon, Mooney and Canino.  Before this court is Motion for a More Definite Statement of Commonwealth Defendants Shannon, Mooney and Canino; plaintiff's Motion to Strike Defendants Motion for More Definite Statement of Commonwealth Defendants Shannon, Mooney and Camino Dated October 18, 2002 as a Sham; plaintiff's Motion for Disqualification of Attorney General's Office and Strike Appearance of Said Office From Representing Abovenamed Defendants Municipal Employees Due to an Actual Conflict of Interest or Strong Appearance of Such Conflict in Particular Case

Matter (See DR 4-101; DR 5-105 & DR 9-101) Where Instant Record Reveals Crimes, Actual Fraud, Actual Malice and Willful Misconduct Being Ongoingly Perpetrated by Said Defendants in the Execution of Their Duties in Public Office Within the Meaning of 42 PA.C.S.A. § 8550 to Which Attorney General Has a 71 P.S. § 732-205 Duty to Prosecute Same and For a Determination by This Honorable Court as to Whether Defendants Acts Come Within the Purview of 42 PA.C.S.A. § 8550; and, plaintiff's Motion to Strike Defendants' Response of Commonwealth Defendants Shannon, Mooney and Camino to Plaintiff's Motion for Disqualification of Attorney General From Representing Commonwealth Defendants as a Sham and For Attempting to Maliciously Perpetrate Fraud on the Court Thereto.

**1. Motion for Disqualification of Attorney General's Office**

Gay alleges that the Attorney General's office is prohibited from representing the state employees named as defendants in this action. In moving to disqualify the Attorney General, Gay relies on 42 Pa.C.S.A. § 8550 (Purdon 1998), limiting indemnity and certain immunities available to state employees judicially determined to have caused an injury by engaging in willful misconduct or in the commission of a crime. See Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990) (affirming district court's denial of Gay's Motion to Disqualify the Attorney General's Office). In Petsock, the court, referring to 42 Pa.C.S.A. §

8550, stated:

> The statute [is] inapposite to the present case both because it does not prohibit the Attorney General from representing defendants in a civil suit and because there is no indication in the record that these defendants have ever been judicially determined to have engaged in such conduct.  Gay's motion to disqualify was therefore properly denied.

917 F.2d at 772.  The court's observations in Petsock apply with equal force to Gay's most recent effort to proscribe the Attorney General's representation of the named defendants.  There has been no judicial determination that Shannon, Mooney and Canino, acting as individuals or in concert, have engaged in either willful misconduct or the commission of a crime.  Thus, 42 Pa.C.S.A. § 8550 does not preclude the Attorney General from representing the defendants.

**2. Motion for More Definite Statement**

Defendants' motion is governed by Federal Rule of Civil Procedure 12(e) regarding the "the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading."  See Schaedler v. Reading Eagle Publications, Inc., 370 F.2d 795, 798 (3d Cir. 1967).  Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

See Fed. R. Civ. P. Rule 12(e).  Though disfavored, a motion for more definite statement will be granted when a complaint does not afford defendants adequate notice of the claims against them or the ability to form a responsive pleading.  See Wright v. O'Hara, 2002 U.S. Dist. LEXIS 15327, at *7 (E.D. Pa. Aug. 14, 2002).

Gay has filed a *pro se* complaint of more than 100 pages in length.  In alleging that prison officials have committed a consistent pattern of "overt affirmative acts and omissions" from which "retaliatory animus" might be inferred, Gay refers to several individuals as "defendants" and "co-conspirators" not named as defendants in this action.  It is unclear whether Gay is requesting damages from several, if not all, of these individuals.  It is also unclear which of the named defendants Gay would have the court hold responsible for the vast conspiracies alleged.  The complaint does not state plaintiff's claims with clarity sufficient to allow defendants to frame a responsive pleading.  Defendants' motion will be granted.  Plaintiff will be allowed thirty (30) days to file an amended complaint, of no more than twenty-five pages (25) in length, complying with Federal Rule of Civil Procedure 8(a), reading in pertinent part:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing the pleader is entitled to relief, and (3)a

4

>demand for judgment for the relief the pleader seeks.

### 3. Plaintiff's motions to strike

Gay moves to strike both a defense motion and response as "shams." Federal Rule of Civil Procedure 12(f) states in relevant part:

>Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party ..., the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Under the rules of civil procedure, the pleadings consist of a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third party complaint, and a third party answer. See Fed. R. Civ. P. Rule 7(a). Neither the defendants' 12(e) motion for a more definite statement, nor their response to plaintiff's motion to disqualify the Attorney General, constitutes a pleading. Therefore, Rule 12(f) is inapplicable, and plaintiff's motions to strike are denied.

An appropriate order follows.