IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMER B. GAY,<br>　　　　　Plaintiff | : CIVIL ACTION<br>:<br>: |
| v. | :<br>: |
| ROBERT D. SHANNON, et al.,<br>　　　　　Defendants | : NO. 02-CV-4693<br>: |

## ORDER

　　　　AND NOW, this     day of,          2003, upon consideration of plaintiff's Motion for Leave to File Supplemental Complaint and Motion to Have Supplemental Complaint Copied and Served by United States Marshal Service on Defendants, and defendants Shannon, Mooney and Canino's response thereto, it is hereby ORDERED that said motions are DENIED.

　　　　Now that the Third Circuit has remanded the case to this Court, defense counsel shall facilitate service for the Commonwealth defendants who were named in the First Amended Complaint, but have not yet been served (Beard, Brennan, Meyers, Dotter, Kneiss, Petruccia, Cudwodie, Vaughn, Wade, McCusker, Bitner, and James). And, if defense counsel represents those Commonwealth defendants, defense counsel is hereby ORDERED to file a timely answer on their behalf, to include the answer of the three Commonwealth defendants from the original Complaint, who have already been served (Shannon, Mooney and Canino).

　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　NORMA L. SHAPIRO,     S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMER B. GAY,<br>　　　　Plaintiff | : CIVIL ACTION |
| v. | : |
| ROBERT D. SHANNON, et al.,<br>　　　　Defendants | : NO. 02-CV-4693 |

**RESPONSE OF SHANNON, MOONEY AND CANINO TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND MOTION TO HAVE SUPPLEMENTAL COPIED AND SERVED BY UNITED STATES MARSHAL SERVICE ON DEFENDANTS**

Commonwealth defendants[1] Shannon, Mooney and Canino oppose Plaintiff's Motion for Leave to File Supplemental Complaint and Motion to have Supplemental Complaint Copied and Served by United States Marshal Service on Defendants, and state the following:

**I.　BACKGROUND**

Pursuant to this Court's Order of January 9, 2003, proceedings in this case were stayed pending disposition of plaintiff's appeal to the Third Circuit Court on his Motion for Disqualification of the Office of Attorney General. While the proceedings in this case were stayed, defense counsel agreed to facilitate service for the Commonwealth defendants who were named in the First Amended Complaint, but had not been served (Beard, Brennan, Meyers, Dotter, Kneiss, Petruccia, Cudwodie, Vaughn, Wade, McCusker, Bitner and James) if and when the appeal was dismissed. Therefore, pursuant to this Court's Order of February 12, 2003 — if it turned out that defense counsel was assigned to represent these additional defendants — he was

---

[1] Currently, the "Commonwealth defendants" include Shannon, Mooney and Canino. In his First Amended Complaint, plaintiff names numerous additional defendants who have not been served. All of the additional defendants appear to be Commonwealth defendants, except one: William Fulmer. Mr. Fulmer is an inmate. The undersigned will not facilitate service for Mr. Fulmer or file anything with this Court on his behalf.

ordered to file a timely answer on their behalf, to include the answer of the three Commonwealth defendants who had already been served (Shannon, Mooney, and Canino).

Plaintiff's appeal to the Third Circuit Court has now been dismissed and the record has been returned to this Court. After learning that the Third Circuit dismissed plaintiff's appeal, defense counsel wrote a letter to plaintiff inquiring whether he planned to Petition the Third Circuit for a Rehearing or appeal the dismissal to the United States Supreme Court. (Exhibit 1) If not, then the case would return to the district court and defense counsel would facilitate service to the defendants named in the First Amended Complaint and proceed with the case pursuant to this Court's February 12th Order. (*Id.*) Plaintiff's response appeared contradictory. (Exhibit 2) On the one hand, he stated that he was going to "await the entry of final judgment to seek review". (*Id.*) On the other hand, he gave permission to facilitate service for the unserved defendants from the First Amended Complaint. (*Id.*)

Defense counsel was resolved to facilitate service for these twelve (12) additional defendants and, assuming they all requested his representation, he expected to file a timely answer on behalf of all fifteen (15) defendants. However, plaintiff now requests leave to file a Supplemental Complaint, adding approximately thirty-six (36) more defendants, one of whom is the undersigned defense counsel.

## II.    ARGUMENT

Leave to amend should be denied in this case based upon the frivolous nature of the Supplemental Complaint, undue delay and prejudice. While leave to amend a complaint is generally "freely given when justice so requires," *see* Fed. R.Civ.P. 15(a), reasons for denying leave to amend include "undue delay...undue prejudice to the opposing party by virtue of the

allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 372 U.S. 178 (1962).

In support of his Motion for Leave to File Supplemental Complaint, plaintiff baldly represents to this Court that "[e]vents have occurred since plaintiff filed his Complaint which are similar in nature to the violations alleged in the complaint filed on July 16, 2002" and "[d]efendants will not be prejudiced by the filing of this SUPPLEMENTAL COMPLAINT".

Plaintiff's signed representations to this Court could not be further from the truth. For example, plaintiff names Arlen Specter as a defendant, in his capacity as District Attorney of Philadelphia. How could Arlen Specter, as District Attorney of Philadelphia, have contributed to alleged civil rights violations against plaintiff after July 16, 2002 when (now Senator) Specter has not been the District Attorney since the 1970s? Similarly, many of the other proposed defendants appear to have connections with the prosecution and subsequent appeals of plaintiff's criminal cases, which have nothing to do with the civil rights case currently before this Court. As such, they too could not have contributed to alleged violations against plaintiff after July 16, 2002. It is clear that plaintiff is attempting to manipulate the system in order to piggy-back old grievances onto his most recent civil rights lawsuit.

With respect to the other defendants which plaintiff seeks to name - proposed defendants who may or may not have dealt with him in this decade - the addition of these dependants would be severely prejudicial, especially considering that one of the defendants is the undersigned defense counsel. Plaintiff's Motion for Leave to File a Supplemental Complaint and the Supplemental Complaint itself are not only frivolous, but if granted, would render the case

completely unmanageable.[2] Moreover, plaintiff has the audacity to request that the frivolous Supplemental Complaint be copied and served at no expense to himself when this Court has denied similar motions in this case already.

WHEREFORE, this Court should deny plaintiff's motions as set forth in the proposed order.

D. MICHAEL FISHER
ATTORNEY GENERAL

BY: *Patrick J. McMonagle*
Patrick J. McMonagle
Deputy Attorney General
Identification No. 83890

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone No. (215) 560-2933
Fax: (215) 560-1031

---

[2] If there are any claims in plaintiff's proposed Supplemental Complaint that this Court does not consider frivolous, defense counsel suggests that those claims should be raised in a separate complaint.



**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF ATTORNEY GENERAL**

MIKE FISHER
ATTORNEY GENERAL

July 10, 2003

21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2933
Fax: (215) 560-1031

Wilmer Gay
Inmate AF 2709
State Correctional Institution - Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

    RE: *Gay v. Shannon, et al.* (E.D.Pa. 2002)
           Docket No. 02-CV-4693

Dear Mr. Gay,

    As you are by now aware, by order dated July 8, 2003, the Third Circuit has dismissed your appeal. As you may recall from Judge Shapiro's February 12th order, I agreed to facilitate service for the Commonwealth defendants who have not yet been served (Beard, Brennan, Meyers, Dotter, Kneiss, Petruccia, Cudwodie, Vaughn, Wade, McCusker, Bitner, and James) in this case, if and when the Third Circuit dismissed your appeal. I also agreed to file a timely answer on their behalf, to include the answer of the three Commonwealth defendants who have already been served (Shannon, Mooney and Canino).

    I am writing to ask whether you intend to file a petition for rehearing with the Third Circuit or an appeal to the United States Supreme Court. If not, please let me know, and I will facilitate service for the unserved defendants.

                      Very truly Yours,

                      Patrick J. McMonagle
                      Deputy Attorney General

cc: Judge Norma L. Shapiro

```
                                              Wilmer B. Gay
                                              #AF-2709, SCI-Huntingdon
                                              1100 Pike Street
                                              Huntingdon, Pa. 16654-1112
              July 24, 2003
```

Patrick J. McMonagle, Deputy Attorney General
Office of Attorney General
Commonwealth of Pennsylvania
21 S. 12th Street, 3rd Floor
Philadelphia, Pa. 19107-3603

         Re: Gay v. Shannon, et al., E.D.Pa.Civ.No. 02-4693
             (3d Cir. No. 02-4557)

Deputy Attorney General McMonagle:

     This legal correspondence is sent to your office in response to your communications dated July 10, 2003 concerning the above subject matter and the Third Circuit Court's decision/ORDER dated July 8, 2003 therein dismissing appeal at 3d Cir. No. 02-4557 for LACK OF APPELLATE JURISDICTION under 28 U.S.C. § 1291, citing Richardson-Merrell, Inc. v. Koller, 472 U.S. 424 (1985), which held that the ISSUES cannot adequately be separated from the merits of the underlying claim and is adequately REVIEWABLE following the entry of FINAL JUDGMENT.

     Petitioner notes that he finally received a copy of the Court's ORDER dated July 8, 2003 on 7/21/03, see Appendix A-1, pg. 1, attached hereto, in which said ORDER was sent to SCI-Mahanoy, 301 Morea Road, Frackville, Pa. 17932. See Appendix A-2, pg. 2, attached hereto, and forwarded to SCI-Huntingdon. The QUESTION arises as to why would case Manager Shannon L. Craven send ORDER dated July 8, 2003 to SCI-Mahanoy, when, in fact, none of the legal documents filed in Third Circuit have affixed thereto an address at SCI-Mahanoy. Where did Case Manager Craven get said address from. It should also be noted that Legal Envelope from Third Circuit specifically has marked thereon: "Legal Mail: Open In Inmate's Presence;" and SCI-Huntingdon Mailroom Supervisor John Neumann has consistently OPENED Petitioner's "privileged mail" without his presence in violation of the 1st, 6th & 14th Amendments.

     Petitioner submits and asserts that he read Third Circuit Court's ORDER dated July 8, 2003 and has decided <u>not</u> to file a Petition for Rehearing En Banc with the Court and will await the entry of final judgment to seek review and resolve the ISSUES of disqualification of Attorney General's Office from providing LEGAL SERVICES to corrupt Prison Officials. Therefore, your Office may facilitate services for the unserved defendants and proceed accordingly.

```
                                              Respectfully,

cc:file                                       Wilmer B. Gay, pro se
   U.S. Judge Norma L. Shapiro
```

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMER B. GAY,<br>    Plaintiff<br><br>v.<br><br>ROBERT D. SHANNON, et al.,<br>    Defendants | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>: NO. 02-CV-4693<br>: |

## CERTIFICATE OF SERVICE

I, Patrick J. McMonagle, hereby certify a true and correct copy of the Commonwealth Defendants' Response to Plaintiff's Motion for Leave to File a Supplemental Complaint and Motion to Have Supplemental Complaint Copied and Served by United States Marshal Service on Defendants was mailed on August 8, 2003, by first class mail, postage prepaid, to:

Wilmer Gay
Inmate AF 2709
State Correctional Institution - Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

                                            D. MICHAEL FISHER
                                            ATTORNEY GENERAL


                                            BY: *Patrick J. McMonagle*
                                                Patrick J. McMonagle
                                                Deputy Attorney General
                                                Identification No. 83890

Office of Attorney General
21 S. 12th Street, 3rd Floor                Susan J. Forney
Philadelphia, PA  19107-3603                Chief Deputy Attorney General
Telephone No. (215) 560-2933                Chief, Litigation Section
Fax:  (215) 560-1031