```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| **WILMER B. GAY**, *pro se* | : CIVIL ACTION |
| | : |
| **v.** | : |
| | : |
| **ROBERT SHANNON**, Superintendent of | : |
| the State Correctional Institution at | : |
| Mahanoy; **VINCENT MOONEY**, Captain of the | : |
| State Correctional Institution at Mahanoy, | : |
| **MARY CANINO**, Examiner of the State | : |
| Correctional Institution at Graterford, | : |
| **JEFFREY A. BEARD, THOMAS L. JAMES,** | : |
| **ROBERT S. BITNER, OFFFICER McCUSKER,** | : |
| **DERRICK WADE, DONALD T. VAUGHN,** | : |
| **BERNIE CUDWODIE, ANTHONY L. PETRUCCIA,** | : |
| **EDGAR M. KNEISS, CAROL DOTTER, SGT. MEYERS,** | : |
| **LT. BRENNAN, and WILLIAM FULMER** | : NO. 02-4693 |

## ORDER

   AND NOW, this 22nd day of August, 2003, upon consideration of plaintiff's Motion for Leave to File Supplemental Complaint and Motion to Have Supplemental Complaint Copied and Served by United States Marshal Service on Defendants (papers ##29 and 30) and defendants Shannon, Mooney and Canino's Response thereto (paper #31), and it appearing that:

   A.  Plaintiff's initial complaint in this action was more than 100 pages in length; finding plaintiff had failed to assert his claims with clarity sufficient to allow defendants to frame a responsive pleading, this court granted the Motion for a More Definite Statement of Commonwealth Defendants Shannon, Mooney and Canino in a memorandum and order dated December 6, 2002 (paper #15). Plaintiff was ordered to comply with Federal Rule of Civil Procedure 8 and file an amended complaint no more than 25 pages in length with claims specific to each named defendant;

   B.  Plaintiff filed his First Amended Complaint on January 13, 2003 (paper #21); the crux of the amended complaint concerns plaintiff's litigation of his own claims and his activities as a legal advisor to other inmates. He alleges retaliation, deprivation of access to legal materials, destruction of property, and conspiracy to prevent access to the courts. See 28 U.S.C. §§ 1983, 1985(2) & 1986. Plaintiff also claims certain DOC regulations are either

unconstitutional on their face or violative of Pennsylvania law;

C.  By order dated January 9, 2003, proceedings in this action were stayed pending disposition of plaintiff's appeal from this court's order denying his Motion for Disqualification of the Office of Attorney General (paper #15).  However, on January 27, 2003, plaintiff filed a Motion to Have First Amended Complaint Copied and Served by U.S. Marshal on Defendants (paper #22); defendants Mooney, Canino and Shannon, the only defendants upon whom service had been effected, filed a timely response (paper #23). This court denied plaintiff's motion for service by order dated February 12, 2003 (paper #24), but noted therein that defense counsel agreed to facilitate service on the Commonwealth defendants not yet served[1] if and when the Court of Appeals dismissed the appeal and remanded the action.

The Court of Appeals dismissed plaintiff's appeal, and defense counsel is prepared to facilitate service for the remaining defendants, excluding Fulmer, and file an answer on behalf of all defendants, excluding Fulmer;

D.  Arguing that "[e]vents have occurred since plaintiff filed his Complaint which are similar in nature to the violations alleged in the complaint filed on July 16, 2002," plaintiff now moves this court to grant leave to file a Supplemental Complaint 78 pages in length, adding more than 35 defendants including Arlen Specter,[2] current District Attorney of Philadelphia Lynne Abraham, more than five Pennsylvania state court judges, Pennsylvania Attorney General Mike Fisher, and defense counsel himself.

Several of the allegations contained in the proposed Supplemental Complaint appear to challenge plaintiff's 1972

---

[1] Defense counsel agreed to facilitate service on defendants Beard, Brennan, Meyers, Dotter, Kneiss, Pertuccia, Cudwodie, Vaughn, Wade, McCusker, Bitner and James.  Defense counsel has refused to facilitate service on defendant Fulmer, an inmate at SCI-Mahanoy.

[2] Plaintiff seeks to add Arlen Specter, a United States Senator for more than 20 years, in his capacity as District Attorney of Philadelphia, a post Senator Specter held in the 1970s.

conviction, only one claim ("Special Count XII") concerns events occurring after the filing of the original complaint on July 16, 2002, and none of the allegations concern events occurring since plaintiff filed the amended complaint on January 13, 2003; and

E.  Federal Rule of Civil Procedure 15(d) provides, "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Fed. R. Civ. P. 15(d).  Grant of application under Rule 15(d) is within the sound discretion of the court.  <u>Medeva Pharma, Ltd. v. Am. Home Prods. Corp.</u>, 201 F.R.D. 103 (D. Del. 2001);

it is hereby **ORDERED** that:

1.  The Motion for Leave to File Supplemental Complaint and Motion to Have Supplemental Complaint Copied and Served by United States Marshal Service on Defendants (papers ##29 and 30) are **DENIED**.  Having allowed plaintiff to file an amended complaint on January 13, 2003, the court may permit a supplemental pleading under Rule 15(d) to the extent it concerns matters occurring after the date of the amended complaint; plaintiff's Supplemental Complaint includes no allegations regarding events occurring after January 13, 2003; and,

2.  Defense counsel shall facilitate service of the First Amended Complaint (paper #21) on defendants not yet served, excluding defendant Fulmer.

```
                                    _____
                                                        S.J.
```