IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
|     Defendants | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF REMAINING COMMONWEALTH DEFENDANT, MAJOR MOONEY**

Remaining Commonwealth Defendant, Captain (now Major) Mooney, responds as follows to plaintiff's Complaint:

### Jurisdiction

1. Conclusions of law require no response.

### Parties

2. Admitted that plaintiff is under the care, custody and control of the Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Huntingdon. Remaining factual allegations are denied and conclusions of law require no response.

3. Denied in that Superintendent Shannon is no longer a defendant.

[3.] [sic] Admitted that Vincent Mooney was employed by the DOC at SCI-Mahanoy and held the rank of Captain at the time of the events alleged in the amended complaint. By way of further answer, defendant Mooney is now a Major. Remaining factual allegations are denied.

4-33. These paragraphs do not relate to answering defendant. To the extent anything in them would be construed to relate to answering defendant, all factual averments are denied.

34. Denied.

35-85. These paragraphs do not relate to answering defendant. To the extent anything in them would be construed to relate to answering defendant, all factual averments are denied.

86. Denied.

87-169. These paragraphs do not relate to answering defendant. To the extent anything in them would be construed to relate to answering defendant, all factual averments are denied.

170. Denied that defendant knows of the conversation between plaintiff and inmate Fulmer. Conclusions of law require no response.

171. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegation that plaintiff agreed to file a grievance, and drew a diagram of the kitchen for the stated purposes, on February 1, 2001. By way of further answer, creating and possessing any diagrams of the Institution is prohibited by DOC policy because it endangers prison security

172. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

173. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

174. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

175. Admitted upon belief that answering defendant called plaintiff to his office on the approximate date and time alleged.

176. Admitted.

177. Although answering defendant did question plaintiff, he does not recall plaintiff referring to another inmate during the interview.

178. Admitted that answering defendant issued a Notification of Confinement ("NOC") No. A322177 to plaintiff, informing him that he would be placed in Administrative Custody under DC-802 pending an investigation. Remaining factual allegations are denied and conclusions of law require no response.

179. Admitted.

180. Admitted.

181. Admitted.

182. Admitted that plaintiff claimed that there were parts of the diagram that he did not draw. Denied that plaintiff had no knowledge of these parts. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegation that plaintiff did not draw those parts.

183. Denied.

184. Denied. By way of further answer, Fulmer also received a misconduct for possession of contraband in the form of a diagram.

185. Admitted that plaintiff filed an appeal, alleging that there were parts of the diagram that he did not draw. Remaining factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

186. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

187-188. These paragraphs do not relate to answering defendant. To the extent anything in them would be construed to relate to answering defendant, all factual averments are denied.

189. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

190. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

191. Admitted that answering defendant charged plaintiff with a Misconduct No. 640953 on the stated date. Remaining factual allegations are denied and conclusions of law require no response.

192. Admitted.

193. Admitted that answering defendant signed the misconduct. Remaining factual allegations are denied and conclusions of law require no response.

194. These paragraphs do not relate to answering defendant. To the extent anything in them would be construed to relate to answering defendant, all factual averments are denied.

195. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

196-209. These paragraphs do not relate to answering defendant. To the extent anything in them would be construed to relate to answering defendant, all factual averments are denied.

210. Admitted that plaintiff was transferred from SCI-Mahanoy to SCI-Huntingdon. Denied that plaintiff was transferred for any reason other than security concerns.

211-217. These paragraphs do not relate to answering defendant. To the extent anything in them would be construed to relate to answering defendant, all factual averments are denied.

218. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations. Denied that answering defendant had anything to do with any handling of plaintiff's television.

219. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations. Denied that answering defendant ever confiscated plaintiff's television.

220. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

221. Denied that defendant Mooney destroyed, or in any way damaged, plaintiff's television. Remaining factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

222-242. Factual allegations are denied in that answering defendant lacks sufficient knowledge or information to form a belief as to the truth of plaintiff's factual allegations.

243. Factual allegations are denied and conclusions of law require no response. By way of further answer, plaintiff's conspiracy claims have been dismissed.

## Relief

Remaining factual allegations are denied and conclusions of law require no response.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims and the relief requested are barred by the Eleventh Amendment to the United States Constitution.

2. Answering defendant is entitled to qualified immunity from plaintiff's federal law claims in that a reasonable officer in defendant's position, at all relevant times, with the information he had, could have believed his actions towards plaintiff did not violate any of plaintiff's constitutional rights.

3. At all times relevant hereto, any actions of the answering defendant were taken within the scope of his authority and in good faith.

4. Any and all damages or injuries sustained by plaintiff resulted not from the conduct or acts of the answering defendant, but from the conduct or acts of plaintiff or other persons.

5. Whatever actions may have been taken by answering defendant that caused loss to plaintiff, were justified.

6. Any actions that defendant took adverse to plaintiff, defendant would have taken for legitimate penological reasons regardless of any constitutionally protected activity in which plaintiff might have engaged.

7. Plaintiff fails to state a claim upon which relief may be granted against answering defendant.

WHEREFORE, answering defendant requests this Court to grant judgment in their favor and against plaintiff.

>THOMAS W. CORBETT, JR.
>ATTORNEY GENERAL
>
>BY: /s/ Patrick J. McMonagle
>Patrick J. McMonagle
>Deputy Attorney General
>Identification No. 83890

Office of Attorney General  
21 S. 12th Street, 3rd Floor  
Philadelphia, PA  19107-3603  
Telephone No. (215) 560-2933  
Fax:  (215) 560-1031

Susan J. Forney  
Chief Deputy Attorney General  
Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
|     Defendants | : | |

## CERTIFICATE OF SERVICE

I, Patrick J. McMonagle, Deputy Attorney General, hereby certify that a true and correct copy of the Commonwealth Defendant's Answer and Affirmative Defenses was filed electronically and is available for viewing and downloading from the ECF system as of March 11, 2005. I further certify that a true and correct copy of said document was mailed on March 11, 2005:

    Wilmer Gay
    Inmate AF-2709
    State Correctional Institution - Huntingdon
    1100 Pike Street
    Huntingdon, PA 16654-1112

                                            THOMAS W. CORBETT, JR.
                                            ATTORNEY GENERAL

                                BY:   /s/ Patrick J. McMonagle
                                            Patrick J. McMonagle
                                            Deputy Attorney General
                                            Identification No. 83890

| | |
|---|---|
| Office of Attorney General | Susan J. Forney |
| 21 S. 12th Street, 3rd Floor | Chief Deputy Attorney General |
| Philadelphia, PA 19107-3603 | Chief, Litigation Section |
| Telephone No. (215) 560-2933 | |
| Fax: (215) 560-1031 | |