## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILMER B. GAY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **VINCENT MOONEY,** | : | **No. 02-4693** |
| **WILLIAM FULMER,** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this __13TH__ day of July, 2005, the court has considered plaintiff's Motion (1) to Compel Answers to Interrogatories; (2) for Extension of Time to Complete Discovery; (3) for Extension of Time to file the Final Pretrial Memorandum; (4) for Sanctions (together filed as Paper #86); and the response thereto.

As to Plaintiff's (1) Motion to Compel Answers to Interrogatories, it is **ORDERED** that plaintiff's Motion is **GRANTED** in part and **DENIED** in part:

    a.    Plaintiff's Interrogatory Request #4: Plaintiff requests "Documents relating to SCI-Mahanoy Property Room Policies, Practices and Procedures concerning the storage of Inmate Prisoners' 'core legal materials/evidences.'" This request is denied because these documents are not relevant to the claims remaining in plaintiff's action.

    b.    Plaintiff's Interrogatory Request # 7: Defendant Mooney shall identify, to the best of his knowledge and ability, all persons including inmates, who were on duty and present at SCI-Mahanoy Property Room on March 20, 2001, when plaintiff's personal and legal property was packed to be transferred to SCI-Huntingdon. Defendant shall comply with this request.

    c.    Plaintiff's Interrogatory Request #8: Plaintiff requests contact information for "SCI-Mahanoy Psychologist and potential witnesses Kerry Dennison and Stephen Demyun." This request is denied because it is not relevant to the claims remaining in plaintiff's action.

    d.    Plaintiff's Interrogatory Request #9: Plaintiff requests the address and inmate number of potential witness Inmate Bobby Sims. This request is denied because defendant Mooney has already informed plaintiff that, upon information and belief, Sims is incarcerated at SCI-Houtzdale.

e.    Plaintiff's Interrogatory Request #10: Plaintiff requests any and all documents related to any "complaints, grievances, criticism, censure, reprimand or rebuke towards" defendant Mooney. Defendant Mooney asserts that inmates' complaints are not cross-referenced by the name of the subject of the complaint. The request is denied as it is overly burdensome.

f.    Plaintiff's Interrogatory Request #11: Plaintiff requests that if defendant Mooney denies any of his discovery requests, defendant specifically state the all facts upon which he bases his denials. This request is denied because defendant has provided adequate responses to plaintiff's discovery requests.

g.    Plaintiff's Document Request #1: Plaintiff requests defendant Mooney produce a copy of the transfer petition that was filed on or before March 21, 2001, ordering plaintiff to be transferred from SCI-Mahanoy to SCI-Huntingdon. Defendant Mooney shall comply with this request.

h.    Plaintiff's Document Request #4: Plaintiff requests defendant produce a copy of DC-801 misconduct report that was filed by defendant Mooney on or about February 12, 2001. Defendant shall comply with this request.

i.    Plaintiff's Document Request #5: Plaintiff requests defendant produce a copy of the transcripts from "the tap recorded DC-802 Administrative Hearing that was convened on Febraury 12, 2001, at Nos. A322177 & 640953 before Edgar M. Kneiss, Anthony L. Petruccio and Bernie Cudwodie." Defendant Mooney shall determine whether such a transcript exists and produce it to the best of his ability if it does exist.

j.    Plaintiff's Document Request #6: Plaintiff requests defendant Mooney produce "all policies relating to practices and procedures of storing prisoners' core legal materials." Defendant shall comply with this request.

k.    Plaintiff's Document Request #7: Plaintiff requests defendant Mooney produce copies of all "documents, names, and addresses of potential witnesses requested and outlined" in his first set of interrogatories. This request is denied as overly broad.

As to Plaintiff's (2) Motion for Extension of Time to Complete Discovery and (3) for Extension of Time to file the Final Pretrial Memorandum, it is **ORDERED** plaintiff's Motion is **GRANTED**:

1.    The court's order of May 27, 2005 (Paper #74) is vacated.

2.    Defendant shall respond to the interrogatories and produce the documents as directed by this order on or before July 27, 2005.

3.    Plaintiff shall file his pretrial memorandum on or before **AUGUST 19, 2005**.

Defendant Mooney shall file his pretrial memorandum on or before **SEPTEMBER 2, 2005**. Plaintiff shall provide a list of the relevant facts he believes to be true. Defendant Mooney shall state agreement or disagreement with each of plaintiff's proposed facts and may counter-propose stipulated facts. Plaintiff shall respond to defendants' proposed facts prior to the final pretrial conference. The parties shall list all witnesses they wish to present at trial. Only listed witnesses may testify at trial unless the court gives permission for other witnesses.

4.  Any motions for summary judgment or other pretrial motions shall be filed on or before the due date of the moving party's pretrial memorandum; an answer to any such motion must be filed within the time provided by the Rules of Civil Procedure.

5.  The court will set a final pretrial conference date by subsequent order.

As to plaintiff's (4) Motion for Sanctions, it is **ORDERED** that plaintiff's motion is **DENIED.**

/s/ Norma Shapiro

_____

Norma L. Shapiro, S.J.