IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
|       Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
|       Defendants | : | |

## **ORDER**

AND NOW, this          day of          , 2005, upon consideration of the Cross-Motion for Summary Judgment of Major Mooney, it is hereby ORDERED that said motion is GRANTED and judgment is hereby entered in favor of Major Mooney and against plaintiff.

BY THE COURT:

_____
NORMA L. SHAPIRO,     S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
| Defendants | : | |

**CROSS-MOTION FOR SUMMARY JUDGMENT OF MAJOR MOONEY**

  Major Mooney moves this Court to grant summary judgment in his favor, pursuant to Fed.R.Civ.P. 56(c), incorporates the attached memorandum of law, and exhibits as noted in the Table of Exhibits, and states:

  1.  Plaintiff Wilmer B. Gay, a state prisoner, filed this *pro se* amended complaint, pursuant to 42 U.S.C. §§ 1983, 1985(2) and 1986, requesting compensatory damages and injunctive relief related to numerous alleged violations of his First, Eighth and Fourteenth Amendment due process rights. Plaintiff also raised state law claims.  He sued a number of Commonwealth officials and employees, as well as another inmate, William Fulmer.

  2.  Commonwealth defendants moved to dismiss the complaint, and the motion was granted as to all Commonwealth defendants, except a First Amendment retaliation claim against Major Mooney.  William Fulmer has not participated in this case.

  3.  The record contains no genuine issue of fact material to the dispositive issue.

  4.  Gay has failed to state a First Amendment retaliation claim against Major Mooney in his individual capacity.

5. Gay is not entitled to compensatory damages because he did not suffer any physical injury in connection with his claims.

WHEREFORE, this Court should grant Major Mooney's motion for summary judgment as set forth in the proposed order.

                              THOMAS W. CORBETT, JR.
                              ATTORNEY GENERAL

BY:  /s/ Patrick J. McMonagle
       Patrick J. McMonagle
       Deputy Attorney General
       Identification No. 83890

Office of Attorney General       Susan J. Forney
21 S. 12th Street, 3rd Floor      Chief Deputy Attorney General
Philadelphia, PA  19107-3603   Chief, Litigation Section
Telephone No. (215) 560-2933

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO.  02-CV-4693 |
|     Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF THE CASE**

Plaintiff Wilmer B. Gay, a state prisoner, filed this *pro se* amended complaint, pursuant to 42 U.S.C. §§ 1983, 1985(2) and 1986, requesting compensatory damages and injunctive relief related to numerous alleged violations of his First, Eighth and Fourteenth Amendment due process rights. Plaintiff also raised state law claims.  He sued a number of Commonwealth officials and employees, as well as another inmate, William Fulmer.

Commonwealth defendants moved to dismiss the complaint, and the motion was granted as to all Commonwealth defendants, except Major Mooney.  William Fulmer has not participated in this case.

The remaining claim against Major Mooney is a First Amendment retaliation claim.  Gay alleges that, shortly after he testified on behalf of another inmate at trial, Major Mooney placed Gay under administrative custody status under false pretenses, a decision which led to Gay's eventual transfer to SCI-Huntingdon.  Gay also alleges that Major Mooney played some role in the damage to his TV before it was shipped to SCI-Huntingdon.

After participating in discovery, and based upon the record consisting of plaintiff's deposition, Major Mooney's declaration and relevant documents, Major Mooney now moves for summary judgment.

## II. STATEMENT OF THE FACTS

Plaintiff Wilmer B. Gay is an inmate currently incarcerated at the State Correctional Institution ("SCI") at Huntingdon. Complaint at ¶ 2. Gay was convicted of first degree murder in April of 1972 and sentenced to life imprisonment. Deposition of Wilmer Gay, June 10, 2005, at 5:2-9.

After Gay transferred to SCI-Mahanoy in 1995, he provided legal assistance to other inmates, one of whom was Bobbie Sims. Complaint at ¶ 24. Sometime in the fall of 1995, Bobbie Sims was transferred to SCI-Pittsburgh. *Id.* at ¶¶ 28-30. On September 6, 2000, Gay was transferred to SCI-Graterford, so he could testify on Sims' behalf at the trial, *Sims v. Dragovich*, 95- CV-6753, (E.D.Pa.). Dep. at 24:19-23. After trial, a jury verdict was entered in favor of the Commonwealth defendants and against Sims. *See Sims, supra, aff'd,* 43 Fed.Appx. 523 (3d Cir.2002).

Captain (now Major) Mooney was one of several Commonwealth defendants in that lawsuit. Dep. at 23:12-23. Though Major Mooney testified at trial, he was not present during the testimony of other witnesses. Declaration of Vincent Mooney, dated October 11, 2005, at ¶ 5. Therefore, Major Mooney has only a vague recollection that inmate Gay testified on behalf of inmate Sims. *Id.* at ¶ 6. To him, inmate lawsuits are extremely

2

common and being named as a defendant in an inmate lawsuit is a part of every day life of a corrections official. *Id.* at ¶ 7.

After the trial, plaintiff returned to SCI-Mahanoy and was housed on F Unit. Dep. at 9:21. Inmate William Fulmer was also housed on F Unit. *Id.* at 13:14-21. Fulmer, a/k/a "Patch", would periodically discuss legal matters with Gay. *Id.* at 14:8-21. Fulmer also worked in the kitchen. *Id.* at 15:1-3. On or about February 1, 2001, several inmate kitchen workers complained to Gay about the allegedly unsafe working conditions imposed upon them by Food Manager Yarnell. *Id.* at 15-16. Gay agreed to file an inmate grievance – a DC-135A – on their behalf. *Id.* at 16. To that end, Gay sketched a diagram of the kitchen area that very night. *Id.* On the following morning, Gay asked Fulmer to count the number of work stations that were in the kitchen because he was planning to file the grievance and wanted to augment the diagram. *Id.* at 21:4-8.

Fulmer reported to work in the kitchen and decided to draw a diagram of his own. *See* Mooney Exhibit, at 2, dated February 6, 2001, attached to the deposition transcript; *see also* Dep. at 30:19-23, 31:1-3. A food service instructor saw Fulmer in the process of making the diagram, confiscated it, and reported the matter to Food Service Manager Yarnell. Mooney Exhibit at 2. Yarnell, in turn, notified (then) Captain Mooney, who was the intelligence captain at SCI-Mahanoy and was in charge of investigating all crimes code or institutional violations by both staff and inmates. Mooney Decl. at ¶ 4.

3

Major Mooney interviewed inmate Fulmer, who said that Gay had asked him to draw the diagram for unknown purposes. Mooney Exhibit, at 1. Major Mooney then summoned Gay.

Gay met Major Mooney in the visiting room. Dep. at 33:7-12. Major Mooney asked Gay if he knew anything about a diagram. *Id.* at 34:8-10. Gay replied only that "in inmate earlier today asked me[,] did I want a diagram drawn[?]" *Id.* Gay did not mention the diagram the HE had drawn. *Id.* As a result, Major Mooney placed Gay and Fulmer in a restricted housing unit ("RHU") under administrative custody ("AC") status pending an investigation into the matter. *Id.* at 34:14-20; *see also* Mooney Exhibit 1, at 1, 10 (DC-141 "Other", dated 2/2/01), attached to the deposition. The DC-141 states as follows:

Notice of Confinement<br>(Pending Investigation)

> Inmate Gay AG-2709, you are being placed in administrative custody under DC-ADM 802, paragraph 6, section F. The inmate has been charged with or is under investigation for a violation of the institutional rules and there is a need for increased control pending disposition of charges or completion of the investigation. This is not disciplinary action.

*Id.* at 35-6. The DC-141 further noted that Gay would remain under AC status pending further action by the security office. *Id.*

A search of Gay's cell revealed his diagram of the kitchen area. *Id.* Major Mooney again met Gay, this time in his office, and showed Gay the diagram that had been found in Gay's cell. *Id.* at 37; *see also* Complaint at ¶ 180. Though Gay admitted that he sketched the diagram of the kitchen area,

4

he claimed that the diagram had been augmented by someone else to frame him. Complaint at ¶¶ 181, 185-6. After pointing out that the handwriting throughout the diagram was identical, Major Mooney returned Gay to the RHU under AC status. *Id.* at ¶ 185; *see also* Dep. at 38. Thereafter, Major Mooney issued a second DC-141, dated February 12, 2001, which stated as follows:

### Notice of Confinement

> You are being confined in AC status per DC-ADM 802 paragraph 6 section E – the inmate would pose an escape risk in a less secure status. This is not disciplinary action.

*Id.* at 38; *see also* Mooney Exhibit at 9. (DC-141 "Other", dated 2/12/01), attached to the deposition. As noted in the order, Gay was to remain under AC status pending review by the Program Review Committee ("PRC") because an inmate possessing a diagram of, within, or around the institution, regardless of the level of detail, raises serious security concerns. *Id.*; *see also* Mooney Decl. at ¶ 9.

Gay eventually alleged that Major Mooney either augmented the diagram himself or enlisted the aid of inmate Fulmer to do so. Dep. at 40:22-24. On February 15, 2001, a PRC, consisting of (dismissed) Commonwealth defendants Deputy Superintendents Petruccia and Kneiss and Mr. Cudwadie, conducted a hearing with respect to the issues raised in DC-141 A322177 and 640953. Complaint at ¶ 199. On March 21, 2001, the PRC transferred Gay to SCI-Huntingdon. *Id.* at ¶ 210. Upon arrival, Gay's color TV was checked for contraband. Complaint at ¶ 218. Two weeks later, the SCI-Huntingdon

5

property officer notified Gay that the TV was not operable because there was a hole in the back of it.  *Id.*  Gay then paid to have the TV mailed to his brother and mailed a grievance back to SCI- Mahanoy, contending that Major Mooney destroyed his TV, and requesting reimbursement or replacement.  *Id.* at ¶¶220-1.  However, Major Mooney had no role in the packaging, storage or shipping of inmate property at SCI-Mahanoy.  Mooney Decl. at ¶ 11.

### III.   ARGUMENT

#### A.   SUMMARY JUDGMENT STANDARD

The function of a summary judgment motion is to avoid a trial in cases where it is unnecessary and would only cause delay and expense.  *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038 (1977).  In evaluating a summary judgment motion, the court may examine the pleadings and other material offered by the parties to determine if there is a genuine issue of material fact to be tried.  Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Movant "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  When moving defendants do not bear the burden of persuasion at trial, as is the case here, they need only point out to the court "that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  A fact is material if it might affect the outcome of the suit under

the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Once a defendant files a properly supported motion, the burden shifts to plaintiff to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Plaintiff "must present affirmative evidence to defeat a properly supported motion for summary judgment," *Anderson v. Liberty Lobby Inc.*, 477 U.S. at 257. Rule 56(e) does not allow Gay to rely merely upon bare assertions, conclusory allegations or suspicions. *Fireman's Ins. Co. v. Du Fresne*, 676 F.2d 965, 969 (3d Cir.1982). He must offer specific facts contradicting the facts averred by the movants, which indicate that there is a genuine issue for trial. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Where the record taken as a whole could not lead a rational trier of fact to find for plaintiff, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, the deposition, declaration and exhibits create no issues of fact. Therefore, Major Mooney is entitled to summary judgment as a matter of law.

### B. GAY FAILED TO STATE A FIRST AMENDMENT RETALIATION CLAIM

Plaintiff claims that Major Mooney had him placed under AC status under false pretenses in retaliation for testifying on behalf of another inmate in an unsuccessful lawsuit. Gay also alleges that Major Mooney's decision resulted in the PRC's decision to transfer Gay to SCI-Huntingdon and that, for good measure, Major Mooney damaged Gay's TV before it was shipped to SCI-

7

Huntingdon. Gay has failed to state a valid retaliation claim because the decisions to place him in AC status and transfer him were based upon legitimate penological interests. Moreover, Major Mooney had no role in the handling of inmate property.

To prevail on a retaliation claim, Gay must prove that: (1) he engaged in a protected activity; (2) state actors, here Major Mooney, retaliated by way of taking adverse action; and (3) the protected activity caused the state actors' retaliation. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir.1997).

The Third Circuit held that the plaintiff bore the initial burden of proving that his constitutionally protected conduct was a "substantial or motivating factor" in the decision to discipline him. *Mt. Healthy, supra* at 287. Moreover, the Third Circuit elaborated on that holding when it determined that, even if "a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001).

With respect to the first prong, Gay arguably engaged in a protected activity, i.e., testifying on behalf of another inmate. *Mt. Healthy, supra.* Gay may have even met the second prong: that his brief placement under AC status, transfer to another institution, and the damage to his TV constituted

8

an adverse action…despite the fact that none of those actions have remotely deterred his firmness from exercising his rights. *See Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000). However, no reasonable trier of fact could conclude that testifying at Sims' trial was the substantial motivating factor behind his placement under AC status and transfer to another institution. *Mt. Healthy, supra.* Besides the fact that the allegation is extremely tenuous, a diagram of a portion of the institution was discovered in Gay's cell, a substantial part of which Gay admits to sketching. *See* Mooney Exhibit at 7. Thus, Gay himself provided the substantial motivating factor for Mooney's decision to place him under AC status and the PRC's decision to transfer him to another institution.

  Even if plaintiff's far-flung conspiracy theory is true – that Mooney or someone at Mooney's behest – augmented the diagram to frame Gay, Major Mooney would have made the same decision to place Gay under AC status, regardless of his testimony in the Sims trial, for reasons reasonably related to a legitimate penological interest. *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001). To wit, recall that Gay admits to drawing a substantial part of the confiscated diagram: even if Gay had just drawn the framework and some of the corridors and rooms that he admits to drawing and labeling, those portions alone would raise serious security concerns, if not for escape, than for an inmate takeover of the kitchen. Mooney Decl. at ¶ 9. Regardless of whether the document recovered from Gay's cell was a map, diagram or sketch, even in its most rudimentary form, it posed a security threat that had

to be investigated and countered via segregated housing and an eventual transfer. Thus, Gay would have been placed under AC status and transferred for reasons wholly independent from his testimony in another inmate's failed lawsuit. Finally, in reference to Gay's damaged television, Major Mooney had no role in the storage and shipping of inmate property and so any damage done to the set is not attributable to him. Gay's allegation is based purely on conjecture. Accordingly, this Court should grant summary judgment in favor of Major Mooney.

    **C.**    **PLAINTIFF DID NOT SUFFER ANY PHYSICAL INJURY IN CONNECTION WITH HIS CLAIMS.**

Gay does not allege, and cannot show, that he suffered any physical injury as a result of his placement in AC status and transfer to SCI-Huntingdon. Thus at most, the only injury Gay could have suffered is mental. Such claims of emotional or mental distress, however, absent a showing of physical injury, are insufficient to give rise to an inmate's § 1983 claim for compensatory damages:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e), *Allah v. Al-Hafeez*, 226 F.3d 247 (3d Cir. 2000).

Therefore, at the very least, all plaintiff's claims for compensatory damages should be dismissed.

## IV. CONCLUSION

WHEREFORE, this Court should grant Summary Judgment in favor of Major Mooney.

                                                  THOMAS W. CORBETT, JR.
                                                  ATTORNEY GENERAL

                                BY:   <u>/s/ Patrick J. McMonagle</u>
                                                Patrick J. McMonagle
                                                Deputy Attorney General
                                                Identification No. 83890

| | |
|---|---|
| Office of Attorney General | Susan J. Forney |
| 21 S. 12th Street, 3rd Floor | Chief Deputy Attorney General |
| Philadelphia, PA  19107-3603 | Chief, Litigation Section |
| Telephone No. (215) 560-2933 | |
| Fax:  (215) 560-1031 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY,  Plaintiff | : : : | CIVIL ACTION |
| v. | : : | |
| ROBERT D. SHANNON, et al.,  Defendants | : : | NO. 02-CV-4693 |

**TABLE OF EXHIBITS OF COMMONWEALTH DEFENDANTS**

Deposition Transcript:

    Wilmer B. Gay

    A.    Mooney Exhibit

Declaration of Vincent Mooney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
| Defendants | : | |

### CERTIFICATE OF SERVICE

I, Patrick J. McMonagle, Deputy Attorney General, hereby certify that a true and correct copy of the Commonwealth Defendant's Motion for Summary Judgment was filed electronically and is available for viewing and downloading from the ECF system as of October 11, 2005. I further certify that a true and correct copy of said document was mailed on October 12, 2005, postage prepaid, to:

Wilmer Gay
Inmate AF-2709
State Correctional Institution - Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY: /s/ Patrick J. McMonagle
Patrick J. McMonagle
Deputy Attorney General
Identification No. 83890

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone No. (215) 560-2933
Fax: (215) 560-1031

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section