IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
|     Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Plaintiff's Motion for Reconsideration of this Court's November 21, 2005 Order, and Major Mooney's Response thereto, it is hereby ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

BY THE COURT:

_____
NORMA L. SHAPIRO,    S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
|     Defendants | : | |

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Mooney opposes Plaintiff's Motion for Reconsideration from Fraudulent Memorandum/Order granting summary judgment, incorporates by reference the Commonwealth defendant's Motion for Summary Judgment, and this Court's Opinion and Order dated November 21, 2005, and states the following in support of his Response in Opposition to Reconsideration:

I.    ARGUMENT

    A.    Plaintiff's Motion for Reconsideration is Untimely

Plaintiff brings his motion for reconsideration under Federal Rules of Civil Procedure 59(e). "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). The 3 day service by mail extension does not apply to a motion for reconsideration. Albright v. Virtue, 273 F.3d 564, 567 (3d Cir. 2001); Adams v. Tr. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994). Thus, it is not enough if the motion was mailed

within 10 days of the Court's order, it must be <u>filed</u> within ten days (not including weekends and holidays). Id.

The Court's order, which plaintiff seeks to up-end, was entered on November 23, 2005. Plaintiff's Rule 59 motion and supporting memorandum of law is dated December 7, 2005 and entered December 12, 2005, which falls well outside of that 10 day window. Accordingly, plaintiff's motion has not been timely filed and is not properly before the Court.[1]

Furthermore, motions for reconsideration under Rule 59(e) will not be granted absent "highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 529 U.S. 1082 (2000). Generally, litigants are not granted a second bite at the apple, and motions for reconsideration are properly denied if arguments or evidence supporting the motion were available earlier. Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). As discussed below, plaintiff seeks to relitigate that which is properly settled. His motion should be denied.

  B. Plaintiff's Motion for Reconsideration is meritless

> A motion for reconsideration is meritorious if there is: (i) new evidence not previously available; (ii) an intervening change in controlling law; or (iii) a need to correct a clear error of law or to prevent a manifest injustice. See General Instrument

---

[1] Plaintiff is well aware of the 10 day requirement as the undersigned made the same argument when plaintiff moved this Court to reconsider its disposition of the Commonwealth Defendants' Motion to Dismiss. See Commonwealth Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration, dated March 25, 2005, at Docket Entry # 59.

2

> Corp. of Delaware v. Nu-Tek Elecs. & Mfg., Inc., 3 F.Supp.2d 602, 606 (E.D.Pa. 1998), aff'd, 197 F.3d 83 (3d Cir. 1999); see also Evans v. United States, 173 F.Supp. 2d 234, 335 (E.D.Pa. 2001); Environ Prods., Inc. v. Total Containment, Inc., 951 F.Supp. 57, 62 n.* (E.D.Pa. 1996); Cohen v. Austin, 869 F.Supp. 320, 321 (E.D.Pa. 1994). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Corp. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa. 1995). A general dissatisfaction with the court's ruling is not a valid ground for granting a motion for reconsideration. See, e.g., U.S. v. Phillips, 2001 WL 527810, at *1 (E.D.Pa. May 17, 2001) (a difference of opinion with the court is not an appropriate ground for granting reconsideration).

Johnson v. Knorr, 2003 WL 22657125, at *1 (E.D.Pa. October 28, 2003).

Plaintiff simply reiterates his dismissed claims, cites the standard of review, and concludes that this Court abused its discretion and committed a clear error of law in dismissing them. In support of his assertions, he offers nothing more than his opinion and a conspiracy theory that the undersigned "corruptly influenced one of U.S. Judge Shapiro's LAW CLERKS to write a Memorandum at E.D.Pa.Civ.No. 02-4693 in his favor for Cross-Motion for Summary Judgment". See Plaintiff's Motion for Reconsideration at 2. As proof of the conspiracy, plaintiff notes that this Court entered its Order dismissing plaintiff's claims with a stamped signature as opposed to its usual practice of actually signing the Order in question. Id.

3

II.  CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration should be DENIED as set forth in the proposed Order.

                                          THOMAS W. CORBETT, JR.
                                        ATTORNEY GENERAL

                            BY:   /s/ Patrick J. McMonagle
                                    Patrick J. McMonagle
                                    Deputy Attorney General
                                    Identification No. 83890

| Office of Attorney General | Susan J. Forney |
|---|---|
| 21 S. 12th Street, 3rd Floor | Chief Deputy Attorney General |
| Philadelphia, PA 19107-3603 | Chief, Litigation Section |
| Telephone No. (215) 560-2933 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON, et al., | : | NO. 02-CV-4693 |
|     Defendants | : | |

## CERTIFICATE OF SERVICE

I, Patrick J. McMonagle, Deputy Attorney General, hereby certify that a true and correct copy of the Commonwealth Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration was filed electronically and is available for viewing and downloading from the ECF system as of December 21, 2005. I further certify that a true and correct copy of said document was mailed on December 21, 2005:

Wilmer Gay
Inmate AF-2709
State Correctional Institution - Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

                                            THOMAS W. CORBETT, JR.
                                            ATTORNEY GENERAL

                                BY:  /s/ Patrick J. McMonagle
                                                Patrick J. McMonagle
                                                Deputy Attorney General
                                                Identification No. 83890

| | |
|---|---|
| Office of Attorney General | Susan J. Forney |
| 21 S. 12th Street, 3rd Floor | Chief Deputy Attorney General |
| Philadelphia, PA 19107-3603 | Chief, Litigation Section |
| Telephone No. (215) 560-2933 | |
| Fax: (215) 560-1031 | |