IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER B. GAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. SHANNON; VINCENT | : | |
| MOONEY; MARY CANINO; JEFFREY | : | |
| A. BEARD; THOMAS L. JAMES; | : | |
| ROBERT S. BITNER; McCUSKER; | : | |
| DERRICK WADE; DONALD T. VAUGHN; | : | |
| WILLIAM FULMER; BERNIE CUDWODIE; | : | |
| ANTHONY L. PETRUCCIA; EDGAR M. | : | |
| KNEISS; CAROL M. DOTTER; | : | |
| SGT. MEYERS; LT. BRENNAN | : | NO. 02-4693 |

**ORDER**

AND NOW, this 21st day of December, 2005, upon consideration of Plaintiff's Motion for Reconsideration and Defendant Mooney's Response in Opposition to the Motion for Reconsideration , it appearing that:

a.  Plaintiff Wilmer Gay, pro se, a prisoner at the State Correctional Institution at Huntingdon, filed a complaint alleging constitutional violations and pendent state law claims against Pennsylvania government and prison officials (the "Commonwealth Defendants") and a fellow inmate, William Fulmer.

b.  The Commonwealth Defendants' motion to dismiss the complaint was granted on March 1, 2005 as to all Commonwealth Defendants except Major Vincent Mooney ("Mooney").

c.  On September 21, 2005, Plaintiff filed a Motion for Summary Judgment against Mooney and William Fulmer. Fulmer was not served with the motion. On 10/11/2005, Mooney filed a Cross-Motion for Summary Judgment.

d.  By Memorandum and Order filed November 23, 2005, this court: (1) granted Mooney's motion for summary judgment; (2) denied Gay's motion for summary judgment; and (3) granted summary judgment to Fulmer sua sponte.

1

  e.  On December 7, 2005, Gay timely moved for reconsideration,[1] arguing the Memorandum and Order was the product of fraud upon the court because defense counsel conspired with the court's staff to issue a Memorandum and Order with a stamped signature without the authorization of the court.

  f.  The stamped signature was affixed to the Memorandum and Order written by the court with the authorization of the court and without any involvement of defense counsel.

  g.  No new evidence has come to light; the controlling law has not changed; and there is no need to correct clear error or prevent manifest injustice. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence"); Haymond v. Lundy, 205 F. Supp. 2d 390, 395 (E.D. Pa. 2002) (courts will reconsider an issue only when: (1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error or prevent manifest injustice).

It is therefore **ORDERED** that:

1. Plaintiff's Motion for Reconsideration (Paper # 108) is **DENIED**.

2. The Clerk is instructed to mark this case **CLOSED.**

                          /s/ **Norma L. Shapiro**

                                    S.J.

---

[1] Under the mailbox rule, the date of a pro se prisoner's filing is the date a prisoner delivers his filing to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 275, 108 S.Ct. 2379 (1988); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998). Here, Gay's motion was dated December 7, 2005 and mailed December 8; both dates fall within ten days from the filing of the court's Order.