IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILMER B. GAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| **ROBERT D. SHANNON et al.** | : | **NO. 02-4693** |

### CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendants, and judgment was entered in favor of defendants, which filed their bill of costs on April 3, 2007. Plaintiff filed objections to the bill of costs on April 16, 2007. Counsel for defendants responded to these objections on April 23, 2007.

It is well-established that district court costs, may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995). The federal Taxation of Costs statute, 28 U.S.C. §1920, lists those items of district court costs taxable in the first instance by the Clerk. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3d Cir. 2000). These items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

"(l) Fees of the clerk or marshal;
"(2) Fees of the court reporter for all or any part of its stenographic transcript
    necessarily obtained for use in the case;
"(3) Fees and disbursements for printing and witnesses;
"(4) Fees for exemplification and copies of papers necessarily obtained for use in
    the case;
"(5) Docket fees under (28 U.S.C. §1923); (and,)
"(6) Compensation of court appointed experts, compensation of interpreters, and
    salaries, fees, expenses, and costs of special interpretation services
    under (28 U.S.C. §1828)."

The costs sought by defendants are all, at least arguably, of those types of costs

stated. Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of Clerk's Taxations of Costs established by 28 U.S.C. §1920. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988). Federal Rule of Civil Procedure 54(d)(1) directs that "costs other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920) "shall be allowed as of course to the prevailing party unless the court otherwise directs" (emphasis added). See, Buchanan v. Stanships, Inc., 485 U.S. 265 (1988). This language creates a heavy presumption that "the 'prevailing party' *automatically* is entitled to costs" as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, In re: Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Sec'y of Pub. Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3d Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. Univ. of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Phila. v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977). This heavy presumption is based on the federal policy that a Clerk's Taxation of Costs is seen as a ministerial act in civil cases, and is not seen as a penalty against the losing party or parties. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene

v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party. In re: Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3d Cir. 2000); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920. Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Sec'y of Pub. Welfare, 758 F.2d 897, 926 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3d Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. Univ. of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975). As a further result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs. Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Pearlstine v. United States, 649 F.2d 194, 1989 (3d Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3d Cir. 1975). See, also, In Re Olympia Brewing Co. Sec. Litig., 613 F. Supp. 1286, 1302 (N.D. Ill. 1985). In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the

items for which costs are sought were actually used.  In re: Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3d Cir. 2000); In Re: Kulicke & Soffa Indus. Inc. Securities Litig., 747 F. Supp. 1136 (E.D. Pa. 1990), aff'd, 944 F.2d 897 (3d Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distrib. Coop. of Am. v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D. Pa. 1992); Raio v. Am. Airlines, 102 F.R.D. 608 (E.D. Pa. 1984).  See, also, Charter Med. Corp. v. Cardin, 127 F.R.D. 111 (D. Md. 1989); Women's Fed. Sav. and Loan Assoc. of Cleveland v. Nev. Nat'l Bank, 108 F.R.D. 396 (D. Nev. 1985);  Int'l Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F. Supp. 178 (E.D. Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  Moreover, the bill of costs in the instant matter is accompanied by an affidavit from counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether the requested costs are allowable.  Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Indus. of the United States and Can., 246 F.2d 867 (3d Cir. 1957). See, also,  Women's Fed. Sav. and Loan Assoc. of Cleveland v. Nev. Nat'l Bank, 108 F.R.D. 396 (D. Nev. 1985).

 In an attempt to meet his their burden of proof, plaintiff raises as a general objection that an award of costs would have a "chilling effect" on future plaintiffs in actions that allegedly concern important societal issues. Plaintiff contends that his situation is unfair due to the fact he is a prisoner and is without counsel unlike defendants. Given the strong presumption previously referred to, we feel constrained to

disallow this objection, particularly in light of the Third Circuit's decision in Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995).  See, also, In re: Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3d Cir. 2000); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998).  Accord, McGill v. Faulkner, 18 F.3d 456 (7th Cir. 1994); Pion v. Liberty Dairy Co., 922 F. Supp. 48 (W.D. Mich. 1996).  This is because taxation of costs is seen as a routine, ministerial act in civil cases, and is not seen as a penalty.  Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Weseloh-Hurtig v. Hepker, 152 F.R.D. 198 (D. Kan. 1993).  It is not a valid objection that the issues in the underlying case were closely contested and that the final judgment allegedly could have, or allegedly should have, gone in the other direction.  In re: Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3d Cir. 2000); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998).  A Clerk's Taxation of Costs proceeding is not a forum for re-examining the underlying facts of the lawsuit or for re-litigating the underlying civil action.  Buchanan v. Stanships, Inc., 485 U.S. 265 (1988).  Accord, Samaad v. City of Dallas, 922 F.2d 216 (5th Cir. 1991).  As stated previously, there is a heavy presumption in favor of the taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920. We accordingly disallow this general objection.

Turning to the substance of the bill of costs, we address the fees of the court reporter. With regard to the request for costs of deposition transcripts, we note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for transcripts

"necessarily obtained for use in the case."  A deposition transcript is seen as "necessarily obtained" when it was necessary to counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether it was actually used.  In re: Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Indus. Inc. Sec. Litig., 747 F. Supp. 1136 (E.D. Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Nugget Distrib. Coop. of Am. v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D. Pa. 1992); Raio v. Am. Airlines, 102 F.R.D. 608 (E.D. Pa. 1984).  Modern caselaw states that both stenographic and videotaped depositions are considered "transcripts" for purposes of 28 U.S.C. §1920(2).  Morrison v. Reichhold Chems., 97 F.3d 460 (11th Cir. 1996); Commercial Credit Equip. Corp. v. Stamps, 920 F.2d 1361 (7th Cir. 1990); United Int'l Holdings v. Wharf, Ltd., 174 F.R.D. 479 (D. Colo. 1997); Weseloh-Hurtig v. Hepker, 152 F.R.D. 198 (D. Kan. 1993); Deaton v. Dreis & Krump Mfg. Co. (N.D. Ohio 1991). We are satisfied that the statutory standard of necessity has been met.  As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that the non-prevailing party in this civil action has not rebutted this heavy presumption. Deposition costs are accordingly taxed in the full requested amount of $185.65.

     In addition, costs pursuant to F.R.A.P. 39(e) are taxable directly by the clerk of the district court.  Allowable appellate costs assessed by the appellate court pursuant to Appellate Rule 39(e) are ultimately taxable by the Clerk of the district court, as the Circuit Courts have no authority to execute on a judgment (they can only remand to the district court).  The district courts are the only courts with authority to execute on a

judgment.  Pease v. Rathbun-Jones Eng'g Co., 243 U.S. 273 (1917); Woolfson v. Doyle, 180 F. Supp. 86 (S.D.N.Y. 1960).  Although it is nearly a century old, the United States Supreme Court's decision in Pease remains vital law to this date.   Mandate costs imposed by an appellate court (including the Supreme Court) leave no discretion in the hands of the district court or its Clerk; the Clerk of the district court must tax costs as shown on Mandate of a United States Court of Appeals.  Briggs v. Pa. R.R. Co., 334 U.S. 304 (1948).  Although it is over fifty years old, the United States Supreme Court's decision in Briggs remains vital law to this date.  Casey v. Planned Parenthood of Se. Pa., 14 F.3d 848 (3d Cir. 1994).  See, also, United States v. Bd. of Pub. Educ. of the City of Savannah and the County of Chatham, 405 F.2d 925 (5th Cir. 1968).  Accordingly, we tax these costs in the full-requested amount of $146.40.

    In summary, costs are taxed as follows:

| | |
|---|---|
| Previously cited district court costs: | $185.65 |
| Appellate Court costs: | 146.40 |
| TOTAL: | $332.05 |

| | |
|---|---|
| _____ | S/ Michael E. Kunz |
| **Date** | **MICHAEL E. KUNZ** |
| | **CLERK OF COURT** |